## L. J. COTTRELL v. W. H. DECKER.

**Acceptance of an Order.**

Unless one accepts an order drawn upon him no recovery can be had from him thereon. One who has not consented to do so cannot be compelled in an ordinary action to pay his debt to a third person, unless the whole of the debt is assigned.

### APPEAL FROM DAVIESS CIRCUIT COURT.

### November 27, 1877.

OPINION BY JUDGE COFER:

The only issue in this case was whether the appellant had accepted the order. He distinctly denied that he had done so, and the appellee testified that he (appellant) had refused to accept it. There was, therefore, no evidence authorizing the finding of the court below on the facts.

The issue made by the parties as to whether appellant was indebted to Fuqua & Bennett or not was immaterial, because, unless the appellant had accepted the order or the amount of his indebtedness did not exceed its amount, the appellee could not recover in the action. One who has not consented to do so cannot be compelled, in an action like this, to pay his debt to a third person unless the whole debt is assigned. But if the issue be conceded to have been material there was no evidence even conducing to prove the appellant was indebted to his co-defendants. On the contrary, the only evidence on that subject showed there was no such indebtedness.

The judgment cannot be sustained by the evidence conducing to prove that the rye for which the order was given was purchased for

47

the appellant, or was used for his benefit. There was no issue to which that evidence could be applied.

If the appellee had stood by his amended petition the evidence would have been relevant, but having withdrawn that pleading it could avail him nothing.

Judgment *reversed* and cause remanded for a new trial.

*J. B. Karn, for appellant.*